# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Rushaun Necko Parker, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 1:21-cv-942-TMC |
| v. ) | |
| ) | **ORDER** |
| ) | |
| N. Barnes, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Rushaun Necko Parker, a self-represented inmate housed at Bennettsville Federal Correctional Institution, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. The magistrate judge filed a Report and Recommendation ("Report") recommending that this court dismiss the petition in without prejudice and without requiring Respondent to file a return. (ECF No. 11). The Report was mailed to Petitioner at the address he provided to the court on April 13, 2021, (ECF No. 12), and has not been returned. Therefore, Petitioner is presumed to have received the Report. Petitioner was advised of his right to file objections to the Report. (ECF No. 11 at 6). However, Petitioner has filed no objections, and the time to do so has now run. This matter is now ripe for review.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Since Petitioner is proceeding *pro se*, this court is charged with construing the petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the failure to allege facts that set forth a claim currently cognizable

in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

On March 2011, Petitioner was convicted following a jury trial in the Eastern District of North Carolina of numerous counts related to the distribution of crack cocaine: conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006); distribution of fifty grams or more of cocaine base; distribution of more than five grams but less than fifty grams of cocaine base; possession with intent to distribute fifty grams or more of cocaine base; possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006); possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (2006); and money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (h) (2006). *See United States v. Parker*, 465 F. App'x 283, 284 (4th Cir. 2012). The sentencing court determined that Petitioner was a career offender under the U.S. Sentencing Guideline § 4B1.1 ("USSG") and imposed a prison term of 420 months. *Id*. Petitioner's sentence was vacated on direct appeal and remanded for resentencing. *See id*. at 285. Petitioner subsequently received a sentence of 384 months, which was affirmed on direct appeal. *See United States v. Parker*, 554 F. App'x 197, 200 (4th Cir. 2014).

Petitioner then made several unsuccessful attempts to obtain collateral relief. In September 2018, Petitioner's *pro se* motion to vacate his convictions under 28

U.S.C. § 2255 was denied. *See Parker v. United States*, No. 7:10-cr-11-1H, 2018 WL 4289319, at *2 (E.D.N.C. Sept. 7, 2018), *appeal dismissed*, *United States v. Parker*, 767 F. App'x 522 (4th Cir. 2019). In August 2019, Petitioner filed his first motion seeking a reduction of his sentence pursuant to the First Step Act (the "FSA") in the Eastern District of North Carolina; the district court denied his FSA motion, *see United States v. Parker*, No. 7:10-cr-00011-H-1 (E.D.N.C. Jan. 29, 2020), and, in August 2020, the Fourth Circuit affirmed the denial, *see United States v. Parker*, 818 F. App'x 278, 279 (4th Cir. 2020). Petitioner nonetheless filed three additional motions in the Eastern District of North Carolina, seeking to reduce his sentence under the FSA, all of which were denied by the sentencing court. *See Parker v. United States*, No. 7:10-cr-11-H (E.D.N.C. Sept. 24, 2020); *Parker v. United States*, No. 7:10-cr-11-H (E.D.N.C. Feb. 22, 2021). Petitioner noticed an appeal as to the district court's February 22, 2021 order, and the matter is currently pending in the Fourth Circuit Court of Appeals. *See United States v. Parker*, No. 21-6461 (4th Cir. Mar. 25, 2021).

On March 31, 2021, Petitioner filed the instant § 2241 petition "seeking [a] sentence reduction pursuant to 404 of the First Step Act . . . under section 3582(c)(1)(B)." (ECF No. 1 at 2). The Report concluded that relief under the FSA "is more properly raised in a motion filed pursuant to 18 U.S.C. § 3582(c)(1)(B) with the sentencing court" and that, because "Petitioner was not sentenced in this court"

it does not have authority to grant relief under the FSA. (ECF No. 11 at 4). The Report further concluded that, "[a]lthough a district court may, in its discretion, transfer a wrongly-filed petition to the appropriate court, . . . any such transfer would be a waste of judicial resources in the instant case." *Id*. The magistrate judge based the latter conclusion on the FSA's express prohibition against a district court "entertain[ing] a motion made under this section to reduce a sentence . . . if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." *Id*. at 5 (*quoting* FSA, § 404(c), 132 Stat. at 5222). In light of the fact that Petitioner "has previously sought a reduction in his sentence [under the FSA] and has received a complete review on the merits," *id*., the magistrate judge determined that the court should not exercise its discretion to transfer the instant petition to an appropriate court. *Id*. Accordingly, the magistrate judge recommended that the court dismiss the petition without prejudice and without requiring the respondent to file a return. *Id*.

Having reviewed the Report and finding no clear error, the court agrees with, and adopts, the magistrate judge's conclusions and recommendations in the Report (ECF No. 11), which are incorporated herein by reference. Therefore, this case is **DISMISSED** without prejudice and without requiring Respondent to file a return.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right."

5

28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

    **IT IS SO ORDERED.**

                                                                      s/Timothy M. Cain
                                                                      United States District Judge

Anderson, South Carolina
May 11, 2021

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.